IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LATOYA T.,[1] | : | Case No. 3:21-cv-00213 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : : | |

**DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income (SSI) on June 5, 2019. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 8), the Commissioner's Memorandum in Opposition (Doc. 12), Plaintiff's Reply (Doc. 13), and the administrative record (Doc. 6).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since August 21, 2018. [2] She was thirty-six years old on the SSI application date. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 6-2, PageID 26-40), Plaintiff's Statement of Errors (Doc. 8), the Commissioner's Memorandum in Opposition (Doc. 12), and Plaintiff's Reply (Doc. 13). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides SSI individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on June 5, 2019. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the

ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. FACTS

### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 5, 2019, the SSI application date.

Step 2: She has the severe impairments of "lumbar pain with back spasms, status/post left ankle fusion, status/post installation of right ankle pins and plates with chronic pain, status/post placement of right femur rod from knee to hip with chronic pain, [and] migraines."

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR § 416.967(b) subject to the following limitations: No more than frequent stooping, crouching, kneeling, or crawling. No more than occasional climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. [Plaintiff] should avoid hazardous machinery and unprotected heights.

She is able to perform her past relevant work as a hair stylist.

Step 5: In addition to her past relevant work, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 6-2, PageID 28-39.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 39-40.)

**B.    Plaintiff's Use of a Cane**

Plaintiff reported in the August 2019 Function Report that she had difficulty walking or standing for long periods of time and walked with a limp. (Doc. 6-6, PageID 242, 245, 247.) She said she used a cane, walker, or brace on a daily basis. (*Id.* at PageID 248.) At the October 2020 hearing, Plaintiff testified that she initially used a walker after her fusion surgery in 2018, and used a cane on a daily basis since approximately 2019. (Doc. 6-2, PageID 57-58.) Plaintiff further testified that even with the cane, she could stand no more than an hour at a time and could walk for only twenty to thirty minutes at a time before needing to sit and rest. (*Id.* at PageID 59.)

The ALJ addressed Plaintiff's use of ambulatory aids when he evaluated Plaintiff's symptom severity. (Doc. 6-2, PageID 35-36.) The ALJ appears to have concluded that Plaintiff requires the use of a cane:

> After careful consideration of the evidence, I find that [Plaintiff's] medically determinable impairments could reasonably be expected to cause her alleged symptoms. [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are inconsistent with a finding of disability, however, because despite the limitations noted above, [Plaintiff] is still able to engage in work that exists in significant numbers in the national economy, as explained in more detail below. Although [Plaintiff's] symptoms have increased over time and culminated in multiple surgical and other interventions, they do not appear to have prevented [Plaintiff] entirely from working for extended periods of time or completing many tasks of household management, raising children, and ordinary activities of daily living. ***In addition, these interventions have apparently improved her symptoms significantly, obviating her previous need to use a walker in favor of the single-handed assistive cane***.

(*Id.* (emphasis added).) However, the ALJ did not include any limitations for the use of a cane or other ambulatory device in the RFC. (*Id.* at PageID 32.)

V.     **LAW AND ANALYSIS**

Plaintiff asserts that the ALJ "reversibly erred in evaluating [Plaintiff's] RFC and symptom severity and the objective medical data." (Doc. 8, PageID 2065.) Finding error in the ALJ's assessment of whether Plaintiff's use of a cane is medically necessary, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

A.     **Applicable Law**

A claimant's residual functional capacity (RFC) is the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The RFC

determination is reserved for the ALJ. 20 C.F.R. § 416.946(c). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC assessment on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

If the use of a cane is medically required, then the ALJ must include that limitation in the RFC because "the cane is considered a limitation on a claimant's ability to work." *Williams v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-430, 2021 U.S. Dist. LEXIS 167268, *20 (S.D. Ohio Sept. 3, 2021) (Litkovitz, M.J.) (citations omitted). Social Security Ruling 96-9p states that a hand-held assistive device is medically required if there is "medical documentation establishing the need for [it] to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." 1996 SSR LEXIS 6, *19 (July 2, 1996). An ALJ's failure to consider whether a claimant's use of a hand-held assistive device is medically required, and so should be included in the RFC, is reversible error. *Penn v. Astrue*, Case No. 2:09-cv-169, 2010 U.S. Dist. LEXIS 12389, *16 (S.D. Ohio Jan. 27, 2010) ("The consistent reference to the use of a cane (or a

7

walker) … is enough to trigger an obligation on the part of the Commissioner to decide if such use is medically necessary and, if so, to have included that factor in the RFC analysis."); *see also Ethel R. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-69, 2022 U.S. Dist. LEXIS 11469, *8-9 (S.D. Ohio Jan. 21, 2022) (citing cases).

      **B.    The ALJ Erred In His Assessment Of Whether Plaintiff's Use Of A Cane Was Medically Necessary**

Plaintiff contends that the ALJ erred by failing to account for her need to use an assistive device in the RFC. Phrasing the issue slightly differently, the Court finds the ALJ erred in his assessment of whether Plaintiff's use of a cane was medically necessary.

The record in this case contains "consistent reference" to the use of a cane. Plaintiff stated in an August 2019 Function Report that she used a cane (and other ambulatory devices) for walking or standing. (Doc. 6-6, PageID 248). She testified at the October 2020 hearing that she had been using a cane on a daily basis since 2019. (Doc. 6-2, PageID 57.) The medical records contain several references to Plaintiff's use of ambulatory aids, including a cane. For example, when Plaintiff saw Dr. Barnett in July 2019 to follow up on the May 2019 surgery, she was still using a knee scooter. (Doc. 6-7, PageID 290.) During an initial physical therapy evaluation later that month, Plaintiff said she was "primarily" using her knee scooter to get around. (Doc. 6-9, PageID 1622.) Her physical therapist subsequently documented Plaintiff's use of a single point cane consistently through September 2019. (Doc. 6-9, PageID 1671, 1675, 1680, 1686.) Plaintiff returned to physical therapy in December 2019 after spraining her ankle again, and her therapist documented the use of a single point cane on several occasions through

February 2020. (Doc. 6-9, PageID 1696, 1704, 1711, 1717, 1764, 1772.) Because the record contains "consistent reference" to the use of a cane, the ALJ was obligated to determine whether a cane was medically necessary.[3] *Penn*, 2010 U.S. Dist. LEXIS 12389, *16.

It is unclear whether the ALJ made this determination. The ALJ's statement that certain treatment "apparently improved [Plaintiff's] symptoms significantly, obviating her previous need to use a walker in favor of the single-handed assistive cane," could be construed as a finding that a cane was medically necessary. (Doc. 6-2, PageID 35.) If the ALJ did indeed find that a cane was medically necessary, then he erred by failing to include this limitation in the RFC. *Williams*, 2021 U.S. Dist. LEXIS 167268, *20.

Alternatively, the ALJ's statement (Doc. 6-2, PageID 35) could be construed as a summary of Plaintiff's testimony rather than a finding regarding medical necessity. If the ALJ did not make a finding regarding whether a cane was medically necessary, then he erred by failing to make that determination. *Penn*, 2010 U.S. Dist. LEXIS 12389, *16.

Defendant rejects both possibilities, contending that "[a] review of the record finds that the ALJ reasonably found Plaintiff did not require an assistive device in her RFC." (Doc. 12, PageID 2099.) Nowhere in Defendant's brief does the Commissioner identify where the ALJ made such a finding. Since the Court is unaware of any such finding by the ALJ, the Court need not address whether it is supported by substantial evidence.

---

[3] Defendant relies on a Seventh Circuit decision to assert that an "unambiguous opinion from a physician" is required to establish medical necessity. (Doc. 12, PageID 2100, citing *Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012).) Defendant has not cited any decision from the Sixth Circuit or this Court that imposes such a bright-line requirement, and the undersigned declines to do so now.

9

## VI. CONCLUSION

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary, particularly as to the opinion of Dr. Barnett and Plaintiff's use of a cane, and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for SSI should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 8) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge